**J. F. Evans, et al. v. V. E. Howell.**

1. PARTY-WALL CONTRACTS—*liability under.*   A person cannot evade the payment of his proportion of the cost of a party-wall constructed by virtue of an agreement to which he is a party, solely because of an inadvertent deviation from such agreement, of which deviation he, through his representative, was aware.

Action of assumpsit upon party-wall contract.   Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding.   Heard in this court at the May term, 1903.   Affirmed. Opinion filed November 9, 1903.

A. E. DEMANGE, for appellants.

CHARLES M. PEIRCE and BARRY & MORRISSEY, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in assumpsit, by appellee against appellants, based upon a party-wall agreement, under seal, to recover the latter's proportion of the cost of certain party-walls, as specified in said agreement.

The cause was tried by the court and a jury, and resulted in a judgment for the plaintiff, from which the defendants appeal.

The evidence tends to prove the following facts :  Appellants, who are heirs of J. W. Evans, deceased, owned an L-shaped lot, abutting on the west and north sides of a corner lot in Bloomington, leased by V. E. Howell, appellee, for ninety-nine years, and upon which he proposed to erect a building for the Corn Belt Bank.   Both appellants and appellee having in contemplation the construction of buildings on their respective lots, entered into a written agreement, under seal, September 15, 1900, for the construction of party-walls, containing the following provisions involved in this suit :

1st.   The party-walls to be upon the lines of the old walls.

2d.   The party-walls to be built with mortar, made of *hydraulic cement* with the proper proportion of sand, with provisions for chimneys, flues, rests for joists, etc., as desired by the parties on their respective sides.

3d.   Each party was at their or his pleasure to proceed with and complete their respective buildings.

4th.   The contract for the construction of the party-walls to be let separately to the lowest responsible bidder, at the time that either party became ready to proceed.

5th.   Appellants were to pay two-fifths of the cost to the height to which their building should be erected, their fire wall to be counted an average of five feet above the roof level of their building, the remaining three-fifths of the cost to that level and the entire expense above that level to be paid by appellee.

6th.   Appellants and appellee were to have *joint supervision* of the erection of the party-walls, and the separate contract for the construction thereof to so provide.

Appellee was first ready to proceed with the erection of his building, and employed one Miller, an architect, to prepare plans and specifications for the same, including the party-walls in question.   After the same were prepared, he advertised for separate bids on the party-walls and the remainder of the building.   The J. W. Evans Sons Co., of which appellants are all stockholders, and several of them officers, and which was engaged in the business of contracting and building, and several others, bid for the work. Both jobs were let to one Snyder, the bid for the party-walls being $3,959.   A written contract was then entered into between appellee and Snyder, for the construction of the entire bank building, which was to be constructed according to plans and specifications prepared by said architect Miller; the work to be done and materials furnished under Miller's personal direction and supervision.   At or about the same time a separate contract was also entered into between said parties, which recited that the consideration of $3,959, the cost of the party-walls, was embodied in the contract of even date, for the construction of the

entire building; that the party-walls were to be constructed according to the plans and specifications prepared by architect Miller, and that appellants should have joint supervision of the construction, through the superintendent, Miller. During the construction of the bank building, appellants proceeded with the construction of a building upon their adjoining lot, the joists of which were inserted in the party-walls as the work progressed. Upon the completion of the bank building Snyder demanded the contract price of the party-walls of appellants, but they refused to pay the same. He then made demand upon appellee, who paid it, and in turn demanded of appellants their proportion of said cost, under the party-wall agreement. Upon their refusal to pay the same, appellee brought this suit.

The declaration consisted of the common counts, and one special count.

The averments of the special count, after setting out the agreement in *haec verba*, are substantially as follows :

1st. That appellants had notice and took part in the bidding for the construction of the party-wall and were present at the opening of the bids.

2d. That the contract was let to Snyder, as the lowest bidder, with the consent of appellants.

3d. That appellants agreed with appellee that George H. Miller should act as supervising architect of the party-walls.

4th. That the party-walls were erected in accordance with the terms of the party-wall agreement between appellants and appellee.

5th. That the construction of the party-walls was supervised by Miller, architect, representing both appellants and appellee, and also by J. F. Evans representing appellants.

The cause was tried upon the issue formed by the common counts, the special count and the plea of non-assumpsit.

Appellants assign numerous errors as grounds for reversal, of which we deem it necessary to consider such only as are argued in this court.

They insist that neither of the following averments of the declaration is sustained by the evidence :

1. That appellants had notice and took part in the bidding for the construction of the party-wall.

2. That the contract was let to the lowest bidder with the consent of appellants.

3. That appellants agreed with appellee that Miller should act as architect.

4. That the party-wall was erected in accordance with the terms of the party-wall agreement.

5. That Miller represented both appellants and appellee in the supervision of the construction.

The contention that appellants had notice and took part in the bidding is, we think, established by the fact as shown by the evidence, that J. W. Evans, representing the corporation of which all of appellants were stockholders, examined the plans and specifications and prepared and submitted a bid, on behalf of the corporation. We think that it may fairly be inferred from the evidence that he represented them as individuals as well as stockholders.

The contention that the contract was not let to the lowest bidder is without merit. The evidence tends to show that Snyder was the lowest responsible bidder; that Clark, whose bid is claimed to have been lower than that of Snyder, failed to accompany the same with a certified check as provided by the advertisement for bids, and that for that reason the same was rejected.

The separate contract, which provided that appellants should have joint supervision of the construction, through Miller, was left with J. W. Evans as the representative of appellants, and no objection was made by him thereto, nor any other person suggested to act as superintendent.

The evidence fails to show that appellants ever sought to exercise joint supervision of the work, or that they ever made complaint to appellee.

The evidence shows that several of the appellants were frequently around the building while the party-walls were being erected. Appellants' building was erected by themselves under the corporate name of J. W. Evans Sons Co., and the work on their building was being done while the

Evans v. Howell.

party-walls were being constructed. The joists of their building were inserted in the party-walls as the work progressed. They accepted and used the wall as it was being built. The evidence also shows that they participated in supervising the construction of the party-walls by objecting to materials proposed to be used and by giving instructions through the servants of their corporation as to the places for the joists of their building, and for a flue not contemplated in the original plans. If the walls were not being erected in a manner satisfactory to appellants, they should have objected at the time, instead of accepting and using the walls without making any question. The evidence shows conclusively that appellants waived a strict performance of the terms of the contract with appellee, and that the same were substantially complied with, with the following exception: While the party-wall contract provided that hydraulic mortar should be used in the construction of the party-walls and the contract for their erection specified lime mortar, this fact must have been known to J. W. Evans when he prepared and submitted the bid of appellants' corporation. Inasmuch as he made no objection at the time, we think that appellants are estopped from doing so after having had actual notice through J. W. Evans of the fact, and permitting the lime mortar to be used. If he had when the specifications were published, or at any time before the erection of the walls was begun, called the attention of appellee to the fact that the specifications were not in accordance with the party-wall agreement, appellee might readily have caused the error to be rectified, and he should, we think, have been afforded an opportunity to do so.

" The law imposes upon a party subjected to injury from a breach of contract, the active duty of making reasonable exertions to render the injury as light as possible. If the injured party through negligence or wilfulness allows the damages to be unnecessarily enhanced, the increased loss justly falls upon him." Hartford Deposit Co. v. Calkins, 186 Ill. 105.

To hold that appellants may evade payment of their

proportion of the cost of the party-walls solely because of an apparently inadvertent deviation from the contract, of which they, through their representative, were made aware in ample time to remedy the same, would be, in our opinion, contrary to the law and abhorrent to reason and justice.

We find no prejudicial error in the rulings of the trial court upon the admission of evidence or the giving or refusal of instructions.

The judgment will therefore be affirmed.

*Affirmed.*